EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN VILLAVEITIA, acusado y apelante.

No. 3867.—*Sometido:* Diciembre 6, 1929. *Resuelto:* Julio 10, 1930.

*Juan B. Soto,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Como no ha sido traída ante nosotros la prueba que en este caso fué presentada en el juicio, el apelante limita su apelación contra la sentencia condenatoria a alegar que la corte inferior cometió error al no desestimar la acusación y, consiguientemente, que erró al declarar culpable al acusado. Por tanto, la cuestión a resolver es si la acusación imputa un delito de acometimiento y agresión grave.

En la denuncia se dice que el acusado a las tres de la mañana del 9 de junio de 1928, ilegal, voluntaria y maliciosamente, con la intención de causar grave daño corporal en la persona de Luz María García, a la hora indicada penetró en la habitación donde ella dormía y la abrazó, tratando de besarla, apretándola por el cuello; y que la agravante consiste en que el acusado es un varón adulto mayor de 21 años, de fuerzas corpulentas, y la agredida es una mujer y que, además, para consumar la agresión penetró en la residencia o morada de la agredida.

 Los hechos expuestos en la denuncia son constitutivos del delito expresado porque penetrar a altas horas de la noche en la residencia donde duerme una mujer y abrazarla, tratando de besarla, apretándola por el cuello, son hechos constitutivos de acometimiento y agresión a la persona de esa mujer aunque no se diga que la agredió sino

que la abrazó, pues si bien un abrazo no es en todos los casos constitutivo de agresión, sin embargo, dado a una mujer en las circunstancias expresadas, sin su consentimiento, es constitutivo del delito mencionado, como lo reconoce el apelante; y en este caso nada existe en la denuncia que demuestre que ella consintió, sino lo contrario, pues se dice que el apelante penetró a la hora indicada en la morada donde dormía Luz María García y realizó dichos actos.

En el caso de *El Pueblo* v. *Arroyo,* 38 D.P.R. 530, en que el acusado fué condenado por acometer y agredir a una mujer, agarrándola fuerte y violentamente por los brazos sosteniendo una lucha con ella, se declaró que "cualesquiera que fueran los ulteriores propósitos criminales del acusado, es evidente que acometió y agredió a un semejante con la intención de causarle daño." En ese caso se hizo la siguiente cita de Ruling Case Law:

"Un acometimiento inmoral tiene muchos de los elementos de un acometimiento con la intención de realizar violación, pero no llega hasta éste por no haber la intención de cometer el delito más grave. Un acometimiento inmoral consiste en el hecho de que un varón se tome libertades inmorales con la persona de una mujer de manera lujuriosa y lasciva, sin su consentimiento y contra su voluntad, y sin la intención de cometer el delito de violación."

Y en 5 C. J. pág. 731 se dice que el tomarse un hombre libertades indecentes con la persona de una mujer contra su voluntad constituye un acometimiento y agresión.

. *Debe confirmarse la sentencia apelada.*