EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>    Recurrido<br><br>    v.<br><br>Teodoro Rivera Ortiz<br>    Peticionario | Certiorari<br><br>2000 TSPR 36 |

Número del Caso: CC-1998-0910

Fecha: 02/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Panel Integrado por:      Hon. Ortiz Carrión
                          Hon. González Rivera
                          Hon. Hernández Torres

Abogados de la Parte Peticionaria: Lcda. Zaida Enid Colón Santos

Oficina del Procurador General:     Lcdo. Miguel A. Santana Bagur
                                    Procurador General Auxiliar
Materia: Inf. Art. 105 C.P.

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

         v.                              CC-1998-910       Certiorari

Teodoro Rivera Ortiz

     Acusado-Peticionario

Opinión del Tribunal emitida por el Juez Asociado SEÑOR CORRADA DEL RIO

San Juan, Puerto Rico, a 2 de marzo de 2000.

Nos corresponde resolver por primera vez si un juez tiene facultad para determinar la culpabilidad de un acusado por un delito menor incluido, cuando dicho acusado solicita la absolución perentoria luego del jurado haber rendido un veredicto de culpabilidad por el delito imputado.

I

Al Sr. Teodoro Rivera Ortiz (en adelante "el acusado"), se le imputó la comisión del delito de actos lascivos en la modalidad del inciso (b) –bajo amenaza de grave daño corporal–.[1] Los hechos

---

[1] Art. 105(b) del Código Penal, 33 L.P.R.A. sec. 4067(b).

que dieron lugar a la denuncia, según imputados, consistieron en que el acusado tocó por los hombros a la Sra. Evelyn Hernández Rosa (en adelante "la perjudicada") y se le pegó a la espalda con su cuerpo, tocándole el pelo, los senos y la vagina.

Por dichos actos se le celebró juicio por jurado, en el cual, luego de presentada la prueba de cargo, la representación legal del acusado presentó una solicitud de absolución perentoria, amparándose en el hecho de que no se había presentado prueba sobre el elemento de amenaza de grave daño corporal, uno de los elementos del delito imputado. La Juez se reservó su determinación conforme a lo dispuesto en la Regla 135 de Procedimiento Criminal, 34 L.P.R.A. Ap.II. Una vez desfilada toda la prueba se instruyó al jurado respecto a los posibles veredictos, a saber: por el delito imputado de actos lascivos y por el delito menor incluido de agresión agravada.[2]

El jurado rindió un veredicto unánime de culpabilidad por el delito imputado, es decir por actos lascivos. La defensa reprodujo su solicitud de absolución perentoria, a lo cual el Ministerio Público se opuso, alegando entre otras, que en ausencia de prueba suficiente sobre el delito de actos lascivos, la Juez debía hallarlo culpable por el delito menor incluido de agresión agravada.

_____

[2] Art. 95(d) del Código Penal, 33 L.P.R.A. sec. 4032(d).

El 23 de junio de 1998, la Juez de instancia determinó que en efecto la prueba desfilada no fue suficiente en derecho por no haberse presentado evidencia suficiente de que hubiera mediado amenaza de grave daño corporal. Añadió que aunque no tenía duda alguna de que el acusado efectivamente "manoseó" a la perjudicada, tenía que absolverlo ya que no podía sustituir el criterio del jurado.[3]

Inconforme con dicha resolución, el Ministerio Público presentó oportunamente petición de *certiorari* ante el Tribunal de Circuito de Apelaciones, el cual emitió sentencia el 31 de agosto de 1998, archivada en autos el 11 de septiembre de 1998, revocando la resolución del Tribunal de Primera Instancia y ordenándole que dictara sentencia por el delito de agresión agravada, en lugar de absolver perentoriamente.

El 20 de noviembre de 1998, el acusado recurrió ante nos mediante petición de *certiorari* aduciendo la comisión de los siguientes errores:

1. Erró el Honorable Tribunal de Circuito de Apelaciones al revocar al Honorable Tribunal de Primera Instancia en cuanto a la determinación de declarar Ha Lugar una solicitud de absolución perentoria del peticionario al amparo de la Regla 135 de Procedimiento Criminal.

2. Erró el Honorable Tribunal de Circuito de Apelaciones al revocar al Honorable Tribunal de Primera Instancia en cuanto a la determinación de declarar No Ha Lugar una Moción del Ministerio Público solicitando que se emitiera un fallo de culpabilidad por el

---

[3] *Véase* Apéndice pág. 12.

delito menos grave de agresión agravada, Artículo 95 del Código Penal.

El 22 de enero de 1999, emitimos Resolución expidiendo el auto de *certiorari* y el 8 de julio del mismo año compareció el acusado mediante su alegato. Así también, el 10 de agosto de 1999, el Procurador General presentó su alegato ante nos.

Contando con el favor de la comparecencia de ambas partes procedemos a resolver.

## II

La Regla 135 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone:

> El tribunal a instancia propia o a instancia de un acusado decretará su absolución perentoria en uno o varios cargos de la acusación o denuncia luego de practicada la prueba de una o de ambas partes si la misma fuere insuficiente para sostener una convicción por ese cargo o cargos.
> ....

La antedicha regla permite que el tribunal impida la continuación del caso o incluso que revoque el veredicto del jurado cuando la prueba es insuficiente para sostener una convicción. Esta suficiencia de la prueba es la que le compete al tribunal evaluar ante una moción de absolución perentoria. La prueba suficiente será aquella que permite en derecho hallar a un ciudadano culpable más allá de duda razonable, por lo cual se requiere que el Pueblo establezca todos los elementos del delito y la conexión del acusado con los mismos. *Pueblo* v. *Colón Burgos,* res. el 12 de abril de 1996, 140 D.P.R. ___ (1996), 96 J.T.S. 52; *Pueblo* v. *Ramos y Álvarez*, 122 D.P.R. 287 (1988). Es decir, tiene que tratarse de prueba que, como mínimo, exponga todos los elementos del delito y sea susceptible de ser creída por una persona razonable. *Pueblo* v. *Colón Burgos, supra.*

El análisis requiere poder identificar en la prueba aquellos elementos necesarios en derecho para poder concluir que una persona es culpable de cometer un delito. *Pueblo* v. *Colón Burgos*, *supra*. Es pues, un análisis estrictamente en derecho, que aunque recae sobre la evidencia, sólo busca asegurar que, de cualquier manera en que se interprete la

veracidad, los requisitos legales estarán presentes para poder permitir **cualquiera de los veredictos posibles**. *Id.*

Entre los veredictos posibles se encuentran, entre otros: 1) un veredicto por el delito imputado o 2) un veredicto por un delito inferior incluido en el imputado. Estos veredictos, necesariamente, estarán fundamentados en la evidencia presentada en el juicio. Con este propósito la Regla 147 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, provee para que el acusado pueda ser declarado culpable de la comisión de cualquier delito inferior necesariamente comprendido en el delito que se le imputa.

Para considerar si un delito está subsumido en otro delito, el delito menor debe estar comprendido en el imputado, y los hechos expuestos para describir la comisión del delito mayor deben contener las alegaciones que son esenciales para constituir una imputación por el menor. Si el delito mayor incluye todos los elementos de hecho y los requeridos por la ley en relación con el menor, el mayor incluye al menor; pero si el delito menor requiere algún otro elemento indispensable que no es parte del delito mayor, entonces el menor no está comprendido en el mayor. Es decir, el análisis para decidir si un delito está incluido en otro, consiste en determinar si la comisión del primero necesariamente conlleva la comisión del segundo. *Pueblo* v. *Oyola Rodríguez*, 132 D.P.R. 1064, 1071 (1993), citando con aprobación a *Pueblo* v. *Concepción Sánchez*, 101 D.P.R. 17, 19 (1973).

Al analizar la prueba ante una moción de absolución perentoria, el Juez puede resolver que, aunque la prueba es insuficiente para establecer la comisión del delito imputado, la evidencia es suficiente para sostener una convicción por un delito menor incluido. *People* v. *Wong,* 111 Cal.Rptr. 314 (1973); citado con aprobación en *People* v. *Meyer*, 215 Cal.Rptr. 352, 358-359 (1985). Si el Juez resuelve absolver perentoriamente al acusado, luego de un veredicto de culpabilidad, por el hecho de no haberse probado uno de los elementos del delito imputado, aún existiendo prueba para declararlo culpable por un delito menor incluido, nos encontramos ante un error de derecho, apelable ante un tribunal de

superior jerarquía, sin que se esté en violación de la cláusula de doble exposición.[4] Esto así, ya que siempre y cuando dicha cláusula no sea violada, una absolución perentoria puede ser apelada. *Government of Virgin Islands v. Christensen,* 673 F.2d 713 (1982) citando a *U.S. v. Scott*, 437 U.S. 82, 91 (1978). La clave está en que **no exista posibilidad de que el imputado tenga que someterse a un nuevo juicio por la misma ofensa.** Sobre este respecto la Corte de Apelaciones de los Estados Unidos para el Tercer Circuito ha expresado:

> [T]he critical fact is that defendant will not twice be tried and thus will not twice be put in jeopardy for the same offense. If the Government prevails in this appeal, the jury's guilty verdict will be reinstated. Therefore, no double jeopardy problem is presented and we have juridiction over the appeal. *Government of Virgin Islands v. Christensen, supra,* a la pág. 718. (Citas omitidas).

Como vemos, cuando el tribunal declara con lugar una moción de absolución perentoria luego de un veredicto de culpabilidad, el Pueblo puede revisar el fallo de absolución, pues de prevalecer, el tribunal apelativo sólo tendría que reinstalar el veredicto de culpabilidad y proceder con el trámite de sentencia, sin necesidad de ulteriores procedimientos de presentación o evaluación de la prueba.[5] Es decir, que el imputado no estará expuesto a un nuevo juicio por la misma ofensa. Este concepto ha sido reiterado por el Tribunal Supremo de Estados Unidos en *Schiro v. Farley,* 510 U.S. 222, 230 (1994), citando con aprobación a *U.S. v. Martin Linen Supply Co.,* 430 U.S. 564 (1977). *Véase además: United States v. Wilson*, 420 U.S. 332 (1975).[6]

---

[4] La Enmienda Quinta de la Constitución de los Estados Unidos dispone en parte que "no person shall be subject for the same offence to be twice put in jeopardy of life or limb". El texto correlativo de la Constitución del Estado Libre Asociado de Puerto Rico dispone: "Nadie será puesto en riesgo de ser castigado dos veces por el mismo delito." Const. E.L.A. de P.R., Art. II, Sección 11.

[5] Ernesto L. Chiesa, <u>Derecho Procesal Penal de Puerto Rico y Estados Unidos</u>, Forum, Colombia, Volumen III, págs. 413-414 (1992).

[6] Para una distinción entre situaciones que podrían acarrear violación a la cláusula de doble exposición véase: *Smalis v. Pennsylvania*, 476 U.S. 144, nota al calce 8 (1986); *Arizona v. Rumsey*, 467 U.S. 203, 211-212, (1984).

A tenor con lo anterior en *Government of Virgin Islands* v. *Josiah,* 641 F.2d 1103 (1981) el Tercer Circuito federal estuvo ante hechos muy similares a los que nos ocupan. En el caso ante el tribunal inferior, el jurado fue instruido por el delito imputado de "secuestro para solicitar rescate" (kidnapping for ransom), y además se le instruyó por el delito menor incluido de "secuestro simple". El jurado rindió un veredicto de culpabilidad por el delito imputado, luego de lo cual el acusado presentó una moción de absolución perentoria, fundamentándose en que no se probó uno de los elementos del delito imputado. La Juez de Distrito entendió que no se probó el elemento de solicitar rescate, absolviendo perentoriamente al acusado. Inconforme, el Estado apeló y sostuvo que el tribunal de distrito debió haber declarado culpable al acusado por el delito menor incluido de "secuestro simple".

El Tercer Circuito –cónsono con lo discutido anteriormente– resolvió que cuando la apelación de una absolución perentoria no presenta una amenaza de un nuevo juicio por la misma ofensa, no se viola la cláusula de doble exposición. *Id.* Lo decisivo es que las pretensiones del Estado sean reinstalar el veredicto del jurado y no buscar un nuevo juicio. En dicho caso, concluyó que las aspiraciones del Estado de que se declarara culpable al acusado por un delito menor incluido al imputado, luego de que el jurado lo encontrara culpable por todos los elementos del delito mayor, no violaban la cláusula de doble exposición. Esto ya que un veredicto de culpabilidad por todos los elementos del delito imputado, implica necesariamente un veredicto de culpabilidad por todos los elementos de los delitos menores incluidos. *Government of Virgin Islands* v. *Josiah, supra.*[7]

A tenor con lo anterior, cuando la evidencia es insuficiente para apoyar una convicción por el delito imputado, pero suficiente para apoyar una convicción por un delito menor incluido, y el tribunal absuelve perentoriamente luego del veredicto de culpabilidad del jurado, el

---

[7] *Véase*: *Pueblo* v. *Oliver Frías*, 118 D.P.R. 285, 295-296, nota al calce 4 (1987); *People* v. *Chapman*, 121 Cal.Rptr. 315, 319 (1975).

tribunal apelativo puede revocar la sentencia del tribunal inferior y devolver el caso para que se sentencie al acusado por el delito menor incluido. *Id.*, a la pág. 1108. Véase además: *United States* v. *Dickinson,* 706 F.2d 88, 93 (1983).

III

En el caso ante nos se le imputó al acusado la modalidad del inciso (b) del delito de actos lascivos, Artículo 105 del Código Penal, el cual dispone:

> Toda persona que sin intentar consumar acceso carnal cometiere **cualquier acto impúdico o lascivo** con otra, será sancionada con pena de reclusión según más adelante se dispone si concurrieran cualesquiera de las siguientes modalidades:
> a)....
> b)Si la víctima ha sido compelida al acto mediante el empleo de fuerza física irresistible o amenaza de grave o inmediato daño corporal, acompañada de la aparente aptitud para realizarlo....33 L.P.R.A. sec. 4067. (Enfasis suplido).

Este delito contiene varios elementos, los cuales no fueron probados en su totalidad ya que la prueba no fue suficiente en derecho para sostener el elemento de la amenaza. Así lo determinó la honorable Juez de instancia cuando absolvió perentoriamente al acusado, por no existir prueba suficiente sobre dicho elemento.

No obstante, ésta no consideró favorablemente los planteamientos del Ministerio Público a los efectos de que las actuaciones imputadas y probadas en sala, configuraban *per se* el delito de agresión agravada. Esto a pesar de que la Juez de instancia estaba convencida de que la prueba de cargo demostró cumplidamente que el acusado "manoseó" a la perjudicada.[8] Por lo tanto, la Juez de instancia, al coincidir desde su perspectiva que la prueba era suficiente para sostener el delito menor incluido, podía y debió emitir entonces un fallo de culpabilidad por el delito de agresión agravada, el cual es uno menor incluido en el delito de actos lascivos.

---

[8] *Véase* Apéndice pág. 12.

Esto así, ya que el veredicto de culpabilidad por el delito de actos lascivos cometido contra la perjudicada, implica de suyo, la figura delictiva del delito de agresión agravada. No es posible cometer actos lascivos o impúdicos contra la persona de una mujer sin cometer la agresión que el acto conlleva. Tal agresión o contacto ilegal realizado por un hombre contra la persona de una mujer, sin el consentimiento de ésta configura precisamente el delito de agresión agravada. Incluso hemos resuelto que abrazar a una mujer sin su consentimiento es constitutivo de agresión. *Pueblo* v. *Villaveitia*, 41 D.P.R. 316 (1929).

El veredicto de culpabilidad por actos lascivos rendido por el jurado adjudicó intrínsecamente culpabilidad por el delito menor incluido de agresión agravada. *Government of Virgin Islands v. Josiah, supra*. Por lo tanto, como ya expresáramos, la Juez de instancia, al revocar el veredicto del jurado y admitir que el acusado incurrió en conducta constitutiva de agresión agravada, debió emitir entonces un fallo de culpabilidad por el referido delito menor. Las expresiones de ésta de que no podía sustituir el criterio del jurado no son acertadas, pues en la absolución perentoria no existe tal fusión de funciones. *Pueblo* v. *Colón Burgos, supra.*

Este curso decisorio que debió seguir el tribunal de instancia, es cónsono con la doctrina federal discutida y con lo resuelto en *Pueblo* v. *Colón Burgos*, *supra*, a los efectos de que en el análisis de la absolución perentoria se busca asegurar que de cualquier manera que se interprete la veracidad de la evidencia, los requisitos legales estarán presentes para poder permitir **cualquiera de los veredictos posibles**.

Concluimos que en las circunstancias presentes en el caso ante nos, no había impedimento legal de clase alguna por el cual la Juez de Instancia no pudiera acoger el planteamiento formulado por el Ministerio Público, a los fines de determinar la culpabilidad del imputado por el delito de agresión agravada, delito menor comprendido en el de actos lascivos. La Juez tenía plena autoridad para así proceder dentro del ámbito de intervención que le reconoce y confiere la Regla 135 de

Procedimiento Criminal, *supra.* Al no hacerlo, aún cuando admitió estar convencida de que el imputado "manoseó" a la perjudicada, incurrió en error. Por lo tanto, el tribunal apelativo actuó correctamente al revocar al tribunal de instancia y devolver el caso para que dicho tribunal declarara culpable al acusado por el delito de agresión agravada, con lo que se reinstalaba el veredicto de culpabilidad, dentro de la modalidad del delito menor incluido.

Por los fundamentos expuestos con anterioridad, se confirma la sentencia del Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Instancia para procedimientos compatibles con lo aquí resuelto.

Se dictará sentencia de conformidad.

BALTASAR CORRADA DEL RÍO
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

      v.                   CC-1998-910     Certiorari

Teodoro Rivera Ortiz

    Acusado-Peticionario


SENTENCIA


San Juan, Puerto Rico, a 2 de marzo de 2000.

      Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se confirma la sentencia del Tribunal de Circuito de Apelaciones de 31 de agosto de 1998 y se devuelve el caso al Tribunal de Instancia para procedimientos compatibles con lo aquí resuelto.

      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió Opinión de conformidad. El Juez Asociado señor Fuster Berlingeri concurre con el resultado sin opinión escrita.


                      Isabel Llompart Zeno
                Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                      CC-98-910       CERTIORARI

Teodoro Rivera Ortiz

    Acusado-peticionario

Opinión de conformidad emitida por el Juez Asociado SEÑOR REBOLLO LOPEZ

San Juan, Puerto Rico, a 2 de marzo de 2000

Suscribimos, en términos generales, la conclusión a la que llega la mayoría de los integrantes del Tribunal en el presente caso a los efectos de que el magistrado que preside los procedimientos judiciales que, a nivel de instancia, se llevan a cabo en un proceso de índole penal tiene facultad o autoridad, al resolver una moción de absolución perentoria, para declarar culpable al acusado de un delito menor incluido al delito imputado, ya se le haga el referido planteamiento en un proceso que se dilucide por tribunal de derecho o por jurado.

Hemos considerado necesario, sin embargo, expresarnos por separado con el propósito de atender, en una forma más detenida y precisa, el

texto de la Regla 135 de las de Procedimiento Criminal[9] y así poder hacer unos señalamientos que consideramos pertinentes e importantes.

## I

Antes de que entrara en vigor la citada Regla 135 de Procedimiento Criminal, el estatuto vigente en nuestra jurisdicción, que regulaba esta clase de situaciones, lo era el Artículo 257 del Código de Enjuiciamiento Civil de 1902, el cual disponía que:

> "Si en cualquier tiempo después de terminada para ambas partes la presentación de pruebas, el tribunal considera éstas insuficientes para justificar la declaración de culpabilidad, ordenará perentoriamente al jurado que absuelva al acusado."

Al amparo de la transcrita disposición legal, la "absolución perentoria" del acusado --por el jurado, actuando éste a base de una orden a esos efectos del juez que presidía los procedimientos-- únicamente podía sobrevenir "después de terminada para ambas partes la presentación de pruebas". Una interpretación razonable del texto del referido artículo de ley nos llevaría, naturalmente, a concluir que la frase "después de terminada para ambas partes la presentación de pruebas" necesariamente se refiere, e incluye, a las dos situaciones que, en relación con la presentación de prueba, ordinariamente se dan en un proceso de naturaleza criminal; esto es, tanto en la situación en que solo el Estado presenta prueba como al caso en que ambas partes presentan evidencia. Ello así ya que mientras el Estado siempre tiene que presentar prueba de la culpabilidad del acusado, éste no está obligado a hacerlo. Dicho de otra manera, la frase antes transcrita necesariamente tendría que haber sido interpretada como luego de que la defensa haya tenido la oportunidad de presentar prueba, aun cuando en efecto no lo hubiera hecho.

Bajo este artículo de ley --obviamente aplicable únicamente a casos por jurado-- este Tribunal nunca se enfrentó a la situación hoy

---

[9] 34 L.P.R.A. Ap. II, R. 135.

planteada, esto es, si bajo este esquema resultaba procedente en derecho que el juez le "ordenara al jurado" traer un veredicto por un delito menor incluido. Ello no obstante, somos del criterio que la contestación en la negativa hubiera sido mandatoria. Así permitirlo hubiera constituido el sancionar una intromisión impermisible, de parte del juez, con la función del jurado como juzgador de los hechos. Cabe preguntarse, por otro lado sin bajo ese estado de derecho el juez estaba facultado para reducir --*motu propio* o a solicitud de la defensa-- la calificación del delito imputado una vez terminado el desfile de la prueba de cargo. Afortunadamente no tenemos que resolver dicho punto ya que el referido artículo de ley fue abolido. Ello, sin embargo, nos sirve de marco de comparación al contrastar el derogado artículo de ley con la hoy vigente disposición reglamentaria.

## II

Dispone la vigente Regla 135 de Procedimiento Criminal que:

"Queda abolida la moción para que se ordene un veredicto absolutorio. El tribunal, a instancia propia o a instancia de un acusado, decretará su absolución perentoria en uno o varios cargos de la acusación o denuncia luego de practicada la prueba de una o de ambas partes si la misma fuere insuficiente para sostener una convicción por ese cargo o cargos.

De presentarse una moción de absolución perentoria luego de practicada toda la prueba, el tribunal podrá reservarse su resolución, someter el caso al jurado y resolver la moción bien antes del veredicto o de disolverse el jurado sin rendir veredicto. Si el tribunal declarare sin lugar la moción antes de rendirse un veredicto de culpabilidad o de disolverse el jurado sin veredicto, la moción podrá reproducirse dentro de los tres (3) días de rendido el veredicto o disuelto el jurado siempre que no se hubiere dictado sentencia."

Como podemos notar, la transcrita disposición reglamentaria abolió "la moción para que se ordene un veredicto absolutorio", fijando esta delicada e importante función exclusivamente sobre los hombros del juez que preside los procedimientos. La primera consecuencia jurídica que ello tiene es que, aun cuando esta disposición reglamentaria cobra verdadera relevancia en casos por jurado, se elimina totalmente la duda

de si sus disposiciones son o no aplicables también a casos que se celebran por tribunal de derecho, constituyendo la contestación en la afirmativa una mandatoria e indiscutible. Ello así ya que el juez <u>siempre</u> viene en la obligación de resolver conforme a derecho, sea el caso por jurado o por tribunal de derecho.

Resulta necesario enfatizar por otro lado --ya, realmente, refiriéndonos a casos en que el jurado es el que actúa como juzgador de los hechos-- que la citada Regla 135 establece, en su <u>primer párrafo</u> y de manera expresa, <u>dos etapas totalmente separadas, las cuales tienen consecuencias fundamentalmente distintas</u>, a saber: el momento luego de practicada la prueba de cargo y la etapa luego de que ambas partes hayan practicado su prueba.

En la <u>primera</u> de esas etapas, y aun cuando no se dice expresamente, <u>el juez viene obligado a resolver la moción en ese momento, esto es, no puede posponer su decisión</u>. El fundamento para que la Regla 135 <u>exija</u> que el juez <u>resuelva inmediatamente</u> la moción de absolución perentoria, presentada luego del fiscal haber terminado el desfile de su prueba, es uno de justicia y de debido procedimiento de ley. Presentada la prueba de cargo, la defensa <u>tiene derecho</u> a cuestionar la suficiencia de la prueba y <u>tiene derecho</u> a exigir que el juez le resuelva el planteamiento <u>antes</u> de decidir si presenta prueba, o si, por el contrario, somete el caso con la prueba de cargo[10]. <u>Este punto, a nuestro juicio, debe de quedar bien claro en la mente de todos</u>.

Unicamente podrá el juez <u>reservarse</u> la resolución de la moción solicitando la absolución perentoria, conforme clara y expresamente se establece en el <u>segundo párrafo</u> de la citada Regla 135, "luego de

---

[10] A modo de analogía, hemos de recordar que así procedimos en <u>Marxuach </u>v. <u>Acosta</u>, 39 D.P.R. 965 (1929), con respecto a la Ley de Evidencia. Allí dijimos que "[n]o estamos de acuerdo con el sistema de admitir ciertas pruebas, reservándose la corte el tenerlas por finalmente admitidas, según las circunstancias. Cuando se presenta una objeción a la admisibilidad de una prueba, la parte que la formula tiene el derecho a que se resuelva por el juez de una manera inequívoca y terminante. De esa resolución final nace la norma que ha de seguir el que objeta, en cuanto a su presentación de evidencia. Pero si la resolución queda pendiente, y la parte no sabe si en definitiva aquella prueba ha de admitirse o no, es casi imposible para ella gobernar sensatamente su evidencia." Igual espíritu diligente y respetuoso ante el mandato de ley debe imperar en la consideración de situaciones como

practicada toda la prueba"; en otras palabras, luego de que tanto el Estado como la defensa hayan presentado su prueba, o, esta ultima haya sometido el caso sin presentar prueba.

Debe mantenerse presente, por último, que la Regla 135 establece, por decirlo así, una _tercera_ etapa. Nos referimos, naturalmente, al hecho de que se establece que si el juez declara _sin_ lugar la moción de absolución perentoria _antes_ de rendirse el veredicto o _antes_ de que se disuelva el jurado, por éste no haber podido llegar a veredicto, la defensa podrá _reproducir_ la referida moción, dentro de los tres (3) días de rendido el veredicto --obviamente, uno de culpabilidad-- o de haberse disuelto el jurado, siempre que no se hubiese dictado sentencia.

FRANCISCO REBOLLO LOPEZ
Juez Asociado

---

las del caso de autos. La certeza y la economía procesal son valores inconmensurables en el proceso judicial y la Regla 135 de Procedimiento Criminal atiende a tal realidad.