ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>ELVIRA LEVALLE COTARELO<br><br>Apelante | KLAN202300613 | Apelación procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Criminal Núm.: ISCR202100474<br><br>Sobre: Art. 4(B-4) Ley 284 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Rodríguez Flores y la Jueza Prats Palerm

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de abril de 2024.

Comparece la apelante, Elvira Levalle Cotarelo (en adelante "señora Levalle" o "apelante") y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("TPI o foro primario"), el 15 de junio de 2023. Mediante el referido dictamen, se declaró a la apelante *culpable y convicta* por infringir el Artículo 4 (b)(4) de la Ley Núm. 284 de 21 de agosto de 1999, según enmendada, conocida como "Ley Contra el Acecho en Puerto Rico", 33 LPRA sec. 4014 *et seq.* (en adelante "Ley 284").

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**I**

Surge del expediente de la apelación ante nos, que el Ministerio Publico presentó una *Denuncia* contra la señora Levalle por infracción al Artículo 4 (b)(4) de la Ley 284. Específicamente la

denuncia lee como sigue:

> La referida imputada ELVIRA ROSARIO LEVALLE COTARELO, allá en o del 9 al 16 de febrero del 2021, en Añasco, Puerto Rico, que forma parte de la jurisdiccion del Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Mayagüez, ilegal, voluntaria, maliciosa, a sabiendas y criminalmente con conocimiento que existía una Orden de Protección al Amparo de la Ley 284 a favor del SR. MILTON AGUILAR CEREZO, expedida por la Hon. Juez Margarita Gaudier Lavergne, la cual esta vigente desde el 1 al 22 de febrero del 2021, violo la misma consistente en que la imputada realizó llamadas telefónicas consistentes desde el 9 al 16 de febrero del 2021, al teléfono de la Sra. Melissa Palermo Cruz, esposa del Sr. Milton Aguilar Cerezo y el día 10 de febrero del 2021 entró a la finca propiedad del perjudicado junto a dos acompañantes.

El 15 de marzo de 2021, el foro primario determinó causa probable y ese mismo día se citó a la señora Levalle a Vista Preliminar.

Habiéndose determinado causa probable en la Vista Preliminar, el 10 de mayo de 2021, el Ministerio Publico presentó una acusación contra la señora Levalle.

Tras varios tramites procesales, el 1 y 2 de mayo de 2023, se celebró el juicio por Jurado contra la señora Levalle. El Ministerio Publico presentó prueba testifical y documental para sostener el cargo imputado. Por un lado, la prueba testifical consistió por los testimonios vertidos bajo juramento de: (1) el señor Milton Aguilar Cerezo, (2) el Agente José Ramos Quiñones y (3) la señora Melissa Palermo Cruz. Mientras que la prueba documental de cargo consistió en lo siguiente: (1) Hoja de cuentas (*Exhibit* 1 al 1 g); (2) Pendrive (*Exhibit* 2); (3) Notas del Agte. José Ramos (*Exhibit* 3); (4) PPR 625.4 Advertencias Miranda para persona sospechosa (*Exhibit* 4); (5) PPR 621.1 Informe de Incidente (*Exhibit* 5); (6) Certificado de Valores del CRIM (*Exhibit* 6); y (7) Foto área de la finca provista por el CRIM (*Exhibit* I).

Así las cosas, luego de escuchado el testimonio de los testigos presentados por el Ministerio Público y evaluada la totalidad de la prueba que tuvo ante sí, el 2 de mayo de 2023, el

Jurado emitió un veredicto de culpabilidad por el cargo, según imputado.

Inconforme con la Sentencia, el 9 de mayo de 2023, la señora Levalle presentó *Moción al Amparo de la Regla 135 de las de Procedimiento Criminal.*

En atención a ello, el 13 de junio de 2023, el TPI emitió *Resolución* declarando *NO HA LUGAR* la moción de absolución perentoria presentada por la señora Levalle.

Finalmente, el 15 de junio de 2023, el foro primario emitió *Sentencia* en contra de la apelante, imponiéndole la siguiente pena:

> TRES (3) AÑOS DE CÁRCEL BAJO EL RÉGIMEN DE SENTENCIA SUSPENDIDA Y DE LIBERTAD A PRUEBA. SE EXIME DEL PAGO DEL COMPROBANTE DE LA PENA ESPECIAL QUE DISPONE LA LEY DE $300.00 POR ESTAR REPRESENTADA POR LA SOCIEDAD PARA LA ASISTENCIA LEGAL (SAL).

Aun insatisfecha, el 13 julio de 2023, la señora Levalle acudió a este Foro mediante un Recurso de Apelación y señaló la comisión de los siguientes errores:

A. INCURRIÓ EN UN ERROR DE DERECHO EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR UNA MOCIÓN DE ABSOLUCIÓN PERENTORIA PRESENTADA POR LA DEFENSA. PERMITIENDO ASÍ, QUE UN JURADO ENCONTRARA CULPABLE A LA AQUÍ APELANTE CUANDO -DE LA PRUEBA DESFILADA DURANTE EL JUICIO EN SU FONDO- NO SE ESTABLECIERON ACTOS INTENCIONALES CONSTITUTIVOS DE LA CONDUCTA DE ACECHO, COMO REQUISITOS A INCUMPLIR CON UNA ORDEN DE PROTECCIÓN PREVIA PARA PODER ENTONCES ENCONTRAR CULPABLE A LA ACUSADA DE INFRINGIR EL ARTICULO 4 (B)(4) DE LA LEY CONTRA EL ACECHO EN PUERTO RICO (LEY 284 DE 1999, SEGÚN ENMENDADA).

B. INCURRIÓ EN UN ERROR DE DERECHO EL TRIBUNAL DE PRIMERA INSTANCIA AL ENCONTRAR CULPABLE A NUESTRA REPRESENTADA CUANDO LA PRUEBA DE CARGO NO ESTABLECIÓ SU CULPABILIDAD MÁS ALLÁ DE DUDA RAZONABLE EN VIOLACIÓN AL DERECHO DE PRESUNCION DE INOCENCIA Y DEBIDO PROCESO DE LEY.

En consecuencia, el 27 de marzo de 2024, el Pueblo de Puerto Rico presentó su *Alegato* en oposición a apelación.

Con el beneficio de la comparecencia escrita de ambas partes y los autos originales, damos por perfeccionado el *Recurso de Apelación* y procedemos a resolver.

## II

### A. Órdenes de protección bajo Ley 284

La Ley 284 fue aprobada con el propósito de "proteger debidamente a personas que son víctimas de acecho, evitando posibles daños a su persona, sus bienes o a miembros de su familia". 33 LPRA sec. 4013 nota. Dicho estatuto define el acecho como:

> [...] una conducta mediante la cual se ejerce una vigilancia sobre determinada persona; se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona, se efectúan actos de vandalismo dirigidos a determinada persona, se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar o perseguir a la víctima o a miembros de su familia.

> 33 LPRA sec. 4013

Por otro lado, el Artículo 4 de la Ley 284 dispone lo siguiente:

> (a) Toda persona que intencionalmente manifieste un patrón constante o repetitivo de conducta de acecho dirigido a intimidar a una determinada persona a los efectos de que ella, o cualquier miembro de su familia podría sufrir daños, en su persona o en sus bienes; o que mantenga dicho patrón de conducta a sabiendas de que determinada persona razonablemente podría sentirse intimidada incurrirá en delito menos grave.

> El Tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida.

> (b) Se incurrirá en delito grave y se impondrá pena de reclusión por un término fijo de tres (3) años si se incurriere en acecho, según tipificado en esta Ley, mediando una o más de las circunstancias siguientes:

>> (1) Se penetrare en la morada, o en el lugar de empleo, de determinada persona o de cualquier miembro de su familia, infundiendo temor de sufrir daño físico o ejercer presión moral sobre el ánimo de esta para llevar a cabo un acto contrario a su voluntad; o

>> (2) se infringiere grave daño corporal a determinada persona o miembro de su familia; o

(3) se cometiere con arma mortífera en circunstancias que no revistiesen la intención de matar o mutilar; o

**(4) se cometiere luego de mediar una orden de protección contra el ofensor, expedida en auxilio de la víctima del acecho o de otra persona también acechada por el ofensor; o**

(5) se cometiere un acto de vandalismo que destruya propiedad en los lugares inmediatos o relativamente cercanos al hogar, residencia, escuela, trabajo o vehículo de determinada persona o miembro de su familia; o

(6) se cometiere por una persona adulta contra un o una menor, o

(7) se cometiere contra una mujer embarazada.

(8) Se cometiere contra una persona con la que se sostiene una relación afectiva o intrafamiliar de convivencia domiciliaria en la que no haya existido una relación de pareja, según definida por la Ley Núm. 54 del 15 de agosto de 1989, según enmendada.

El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida. El proceso y castigo de cualquier persona por el delito definido y castigado en esta Ley no impedirá el proceso y castigo de la misma persona por cualquier otro acto u omisión en violación de cualquiera de las demás disposiciones de esta Ley o de cualquier otra ley.

33 LPRA sec. 4014. (Énfasis nuestro).

Por su parte, el Artículo 10 de la Ley 284, sobre incumplimiento de órdenes de protección, establece que:

Cualquier violación a sabiendas de una orden de protección, expedida de conformidad con esta Ley, será castigada como delito menos grave; esto sin menoscabar su responsabilidad criminal bajo el Artículo 4 (b)(1) de esta Ley o cualquier otra ley penal y constituirá desacato al Tribunal, lo que podría resultar en pena de cárcel, multa o ambas penas. No obstante lo dispuesto por la Regla 11 de las Reglas de Procedimiento Criminal, según enmendada, Ap. II del Título 34, aunque no mediare una orden a esos efectos todo oficial del orden público deberá efectuar un arresto, si se le presenta una orden de protección expedida al amparo de esta Ley o de una ley similar contra la persona a ser arrestada, o si determina que existe dicha orden mediante comunicación con las autoridades pertinentes y tiene motivos fundados para creer que se han violado las disposiciones de la misma.

33 LPRA sec. 4020.

## B. Moción de absolución perentoria

La absolución perentoria es la facultad que tiene un tribunal para examinar la suficiencia de la prueba de cargo y decretar, a base de dicho examen, la no culpabilidad de un acusado. *Pueblo v.*

*Colón, Castillo,* 140 DPR 564, 576 (1996). M. Morales Lebrón, *Diccionario Jurídico según la Jurisprudencia del Tribunal Supremo de Puerto Rico,* ed. Situm, 2008, Vol. III, pág. 3. Aunque tal facultad aplica por igual a juicios por tribunal de derecho que a juicios por jurado, "la misión fundamental de la absolución perentoria va dirigida a eliminar la posibilidad de que un jurado condene a un acusado cuando la prueba es insuficiente". *Pueblo v. Colón, supra.* La Regla 135 de Procedimiento Criminal, 34 LPRA Ap. II, R. 135, viabiliza tal facultad judicial al permitir que el tribunal, a *motu proprio* o a solicitud de parte, impida la continuación del caso o, incluso, revoque el veredicto del Jurado cuando la prueba presentada resulta insuficiente para sostener una convicción. *Pueblo v. Colón, supra,* pág. 577.

> [E]sta suficiencia de la prueba es la que le compete al tribunal evaluar ante una moción de absolución perentoria. La prueba suficiente será aquella que permite en derecho hallar a un ciudadano culpable más allá de duda razonable, por lo cual se requiere que el Pueblo establezca todos los elementos del delito y la conexión del acusado con éstos. Es decir, tiene que tratarse de prueba que, como mínimo, exponga todos los elementos del delito y sea susceptible de ser creída por una persona razonable. [...] Es, pues, un análisis estrictamente en derecho, que aunque recae sobre la evidencia, sólo busca asegurar que, de cualquier manera en que se interprete la veracidad, los requisitos legales estarán presentes para poder permitir cualquiera de los veredictos posibles. (citas omitidas). *Pueblo v. Rivera Ortiz, Ortiz,* 150 DPR 457, 462-463 (2000).

Sobre lo anterior, la Regla 135 de Procedimiento Criminal, *supra,* dispone que:

> Queda abolida la moción para que se ordene un veredicto absolutorio. El tribunal a instancia propia o a instancia de un acusado decretará su absolución perentoria en uno o varios cargos de la acusación o denuncia **luego de practicada la prueba de una o de ambas partes** si la misma fuere insuficiente para sostener una convicción por ese cargo o cargos.

> De presentarse una moción de absolución perentoria, **luego de practicada toda la prueba,** el tribunal podrá reservarse su resolución, someter el caso al jurado y resolver la moción, bien antes del veredicto o después del veredicto o de disolverse el jurado sin rendir veredicto. Si el tribunal declarare sin lugar la moción antes de rendirse un veredicto de culpabilidad o de disolverse el jurado sin veredicto, **la moción podrá reproducirse dentro del término jurisdiccional de los cinco (5) días de rendido el veredicto o disuelto el jurado, siempre que no se hubiere dictado sentencia**. (Énfasis suplido).

En fin, la absolución perentoria persigue evitar que un ciudadano sea convicto sin el rigor que nuestro ordenamiento exige, una vez el tribunal se convence de que la prueba no puede rebasar las dudas que necesariamente habría de tener una persona razonable sobre la culpabilidad del acusado. *Pueblo V. Colon, Castillo*, 140 DPR 564, 577 (1996).

**C. La presuncion de inocencia y la duda razonable**

La Constitución de Puerto Rico garantiza a toda persona acusada de delito el derecho fundamental a la presunción de inocencia. CONST. PR, art. II, § 11. *Pueblo v. Santiago*, 176 DPR 133, 142 (2009); *Pueblo v. Irizarry* 156 DPR 780, 786 (2002); *Pueblo v. Santiago*, 176 DPR 133, 142 (2009). Además, la Regla 304 de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 304 (1), ha incorporado este imperativo constitucional. Asimismo, la Regla 110 Procedimiento Criminal, 34 LPRA Ap. II, R. 110, reitera el precitado derecho fundamental: "[e]n todo proceso criminal, se presumirá inocente al acusado mientras no se probare lo contrario, y en caso de existir duda razonable acerca de su culpabilidad, se le absolverá. [...]". A su vez, dicha norma constituye uno de los imperativos del debido proceso de ley al exigir que una persona acusada en un proceso criminal se presuma inocente, mientras no se demuestre lo contrario. *Pueblo v. Irizarry*, 156 DPR 780, 786 (2002). *Pueblo v. León Martínez*, 132 DPR 746, 764 (1993). Para rebatir tal presunción, nuestro ordenamiento requiere que el Estado establezca la culpabilidad una persona imputada de delito más allá de duda razonable. *Pueblo v. Arlequín Vélez*, 204 DPR 117, 146 (2020). *Pueblo v. Toro Martínez*, 200 DPR 834, 855-56 (2018). *Pueblo v. Cabán Torres*, 117 DPR 645, 652 (1986). En otras palabras, se exige un *quantum* probatorio de más allá de duda razonable para controvertir la presunción de inocencia. *Pueblo v. Santiago*, 176 DPR 133, 142 (2009).

El concepto de "duda razonable" implica necesariamente aquella que produce insatisfacción o intranquilidad en la conciencia del juzgador respecto a la evidencia presentada en el caso. *Pueblo v. Irizarry, supra,* pág. 788. Sobre este requisito, el Tribunal Supremo ha expresado que:

> El Ministerio Fiscal no cumple con ese requisito presentando prueba que meramente sea "suficiente", esto es, que "verse" sobre todos los elementos del delito imputado; se le requiere que la misma sea "suficiente en derecho". Ello significa que la evidencia presentada, "además de suficiente, tiene que ser satisfactoria, es decir, que produzca certeza o convicción moral en una conciencia exenta de preocupación" o en un ánimo no prevenido [...] Esa "insatisfacción" con la prueba es lo que se conoce como "duda razonable y fundada". *Pueblo v. De Jesús Mercado, supra,* pág. 476, citando a *Pueblo v. Cabán Torres,* 117 DPR 645 (1986).

Por lo tanto, el *quantum de más allá de duda razonable* aplica para "cada uno de los elementos del delito, la conexión de estos con el acusado y la intención o negligencia de éste". *Íd., Pueblo v. Santiago, supra.* Cabe destacar que nuestro mas Alto Foro ha expresado que:

> La determinación de que cierta prueba es suficiente para demostrar la culpabilidad del acusado más allá de duda razonable es una cuestión de raciocinio, producto de un análisis de todos los elementos de juicio del caso y no una mera duda especulativa o imaginaria. *Pueblo v. De Jesús Mercado, supra,* pág. 475-76.

**D. Apreciación de la Prueba y la Revisión Apelativa**

Como es sabido, la apreciación de la prueba que realiza el TPI en el ejercicio de su sana discreción está revestido de confiabilidad y merece nuestro respeto y deferencia. *Argüello v. Argüello,* 155 DPR 62, 79 (2001) citando a *Pueblo v. Bonilla Romero,* 120 DPR 92, 111 (1987). En vista de lo anterior, la valoración que lleva a cabo el foro primario se presume correcta, toda vez que es este quien tiene la oportunidad de ver, escuchar y valorar las declaraciones de los testigos, así como sus lenguajes no verbales. *Pueblo v. Santiago, supra,* pág. 148; *Pueblo v. Acevedo Estrada,* 150 DPR 84, 99 (2000).

> [...] no sólo habla la voz viva. También hablan las expresiones mímicas: el color de las mejillas, los ojos, el temblor o consistencia de la voz, los movimientos, el vocabulario no habitual del testigo, son otras tantas circunstancias que deben acompañar el conjunto de una declaración testifical y sin embargo, todos estos elementos se pierden en la letra muda de las actas, por lo que se priva al Juez de otras tantas circunstancias que han de valer incluso más que el texto de la declaración misma para el juicio valorativo que ha de emitir en el momento de fallar; le faltará el instrumento más útil para la investigación de la verdad: la observación. *Pueblo v. Toro Martínez, supra,* pág. 857, citando a *Ortiz v. Cruz Pabón,* 103 DPR 939, 947 (1995).

A esos efectos, el Tribunal Supremo de Puerto Rico ha resuelto que **un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto**. *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994) (Énfasis suplido).

En consecuencia, este Tribunal Apelativo no debe intervenir con las determinaciones de hechos, con la apreciación de la prueba ni con la adjudicación de credibilidad efectuadas por el mismo, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad, (ii) incurrió en un craso abuso de discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Irizarry, supra,* pág. 789; *Pueblo v. Maisonave,* 129 DPR 49, 62-63 (1991). De igual forma, se podrá intervenir con la determinación del TPI cuando la referida valoración se aparte de la realidad fáctica o resulte inherentemente imposible o increíble. *Pueblo v. Martínez Landrón,* 202 DPR 409, 424 (2019) citando a *Pueblo v. Maisonave, supra,* pág. 63. De manera que, este Tribunal solo podrá intervenir con la apreciación del foro juzgador si, luego de evaluar minuciosamente la prueba del caso, guardamos serias, razonables y fundadas dudas acerca de la culpabilidad del acusado. *Pueblo v. Casillas, Torres,* 190 DPR 398, 415-417 (2014).

**III**

En el presente caso, la apelante señaló la comisión de dos errores y, por estar íntimamente relacionados entre sí, discutiremos los mismos de forma conjunta. Básicamente, la apelante aduce que el TPI erró al declarar *No Ha Lugar* la moción de absolución perentoria y, así, permitirle al Jurado realizar un veredicto de culpabilidad por el Artículo 4(b)(4) de la Ley 284 en violación a la presunción de inocencia y al debido proceso de ley.

Conforme explicamos en el ápice II de esta sentencia, la absolución perentoria tiene la finalidad de evitar que el juzgador de los hechos condene a un acusado cuando la prueba de cargo presentada por el Ministerio Público es insuficiente. Esto es, cuando el Ministerio Público no ha establecido todos los elementos del delito y la conexión del acusado con éstos. De manera tal que requiere un análisis estrictamente en derecho, aunque recae sobre la evidencia.

Primero, debemos comenzar señalando que el juzgador de los hechos del presente caso lo fue el Jurado y, por tanto, es el juez quien debe realizar un análisis en estricto derecho para determinar la suficiencia de la prueba presentada el Ministerio Público.

 Segundo, durante el juicio en su fondo, el Ministerio Público presentó tanto evidencia documental como testifical. Por ello, surge del expediente de autos que al momento de los hechos estaba vigente una Orden de Protección expedida bajo la Ley 284 contra a la aquí apelante. En lo aquí pertinente, la referida Orden de Protección le requiere a la apelante lo siguiente: (1) abstenerse de penetrar o acercarse al hogar del señor Aguilar y los hogares de sus familiares, incluyendo sus alrededores; y (2) abstenerse de realizar llamadas telefónicas y de enviar mensajes de texto o de voz al señor Aguilar y sus familiares. Asimismo, obra en el expediente

de autos conforme a los testimonios vertidos en el juicio que la apelante llamó en varias ocasiones a la esposa del señor Aguilar, dejó mensajes de voz y penetró los alrededores del hogar del señor Aguilar.

Considerando lo anterior, es forzoso concluir que el Ministerio Público presentó evidencia suficiente para establecer todos los elementos del delito y la conexión de la apelante con éstos. Por lo tanto, no erró el foro primario al declarar *No Ha Lugar* la moción de absolución perentoria y permitir que el Jurado emitiera un veredicto.

Con relación a la credibilidad de los testigos de cargo y la prueba desfilada, el Jurado estuvo en mejor posición para evaluar los mismos que este Tribunal apelativo intermedio. Fue el Jurado, quien tuvo la oportunidad de observar y escuchar a los testigos de cargo. De conformidad con nuestro ordenamiento jurídico y ante la ausencia en el expediente de algún indicio de pasión, perjuicio o parcialidad, este Foro Revisor le otorga completa deferencia a la apreciación de la prueba -particularmente la adjudicación de credibilidad- que hizo el Jurado sobre los testigos. Por lo tanto, el foro primario no violentó la presunción de inocencia y al debido proceso de ley de la apelante al emitir veredicto de culpabilidad.

## IV

Por los fundamentos expuestos, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones