EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Davis Ponce Feliciano<br><br>Peticionario | 2026 TSPR 39<br><br>218 DPR ___ |
| --- | --- |

Número del Caso: CC-2025-0573


Fecha: 16 de abril de 2026


Tribunal de Apelaciones: Panel VIII


Representante legal de la parte peticionaria:

    Sociedad para Asistencia Legal

    Lcda. Celimar Gracia Marín


Oficina del Procurador General:

    Hon. Omar Andino Figueroa
    Procurador General

    Lcdo. Edwin B. Mojica Camps
    Subprocurador General

    Lcda. Aracelis Burgos Reyes
    Procuradora General Auxiliar


Materia: Procedimiento Criminal – No procede la revisión apelativa de una absolución perentoria, por activarse la protección contra la doble exposición, si el fallo se emite sin que exista previamente un veredicto de culpabilidad.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

   Recurrido

          v.                  CC-2025-0573     *Certiorari*

Davis Ponce Feliciano

   Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 16 de abril de 2026.

En el presente caso nos corresponde determinar si el Tribunal de Apelaciones erró al decidir reconsiderar cierta determinación previamente emitida, mediante la cual se había negado a acoger determinado recurso de *certiorari* presentado ante sí por el Ministerio Público, el cual buscaba la revisión de un fallo de absolución perentoria emitido por el Tribunal de Primera Instancia. En este caso, el fallo de absolución perentoria emitido por el foro primario a favor del Sr. Davis Ponce Feliciano (en adelante, "señor Ponce Feliciano"), por uno de los delitos que le fue imputado a este último.

Luego de examinar detenida y cuidadosamente los hechos ante nuestra consideración, así como el derecho aplicable, concluimos que el foro apelativo intermedio erró en su proceder. Siendo ello así, revocamos la *Resolución* recurrida y, consecuentemente, confirmamos la *Sentencia* emitida por el Tribunal de Primera Instancia, que decreta la absolución perentoria del señor Ponce Feliciano por cierto delito imputado en su contra. Veamos.

I.

Por hechos ocurridos el pasado 12 de febrero de 2019, el Ministerio Público presentó dos (2) denuncias en contra del señor Ponce Feliciano. Lo anterior, por este último presuntamente infringir el Art. 93(b) del Código Penal de Puerto Rico, 33 LPRA sec. 5142,[1] así como el Art. 5.05 de la Ley Núm. 404 de 11 de septiembre de 2000,[2] también conocida como la *Ley de Armas de Puerto Rico*, 25 LPRA sec. 458d (derogada) (en adelante, "Ley Núm. 404-2000"). En particular, al señor Ponce Feliciano se le imputó agredir con un arma blanca al Sr. Víctor Marín Piña, ocasionándole la muerte.

Así las cosas, y luego de determinarse causa probable para acusar, entre el 22 de enero de 2024 y el 25 de febrero de 2025 se celebró el juicio en su fondo en contra del señor Ponce Feliciano. Sometida toda la prueba, el 28 de febrero de 2025, -- previo a que el Jurado pasara a Sala luego de su

---

[1] El Art. 93(b) de dicha disposición legal tipifica como delito el asesinato en primer grado causado al perpetrarse, o intentar perpetrarse, algún delito grave.

[2] Éste, por su parte, tipifica como delito la portación y el uso de armas blancas.

deliberación --, este último solicitó, en corte abierta, su absolución perentoria.[3] Dicha solicitud se fundamentó en que de la prueba desfilada se desprendía lo siguiente: (1) que hubo una pelea; (2) que el señor Ponce Feliciano temía por su vida; (3) que su incapacidad mental no le permitía hacer frente o defenderse del occiso; y (4) que no le quedó más remedio que utilizar un arma blanca para defender su vida.

Por su parte, y en oposición, el Ministerio Público arguyó haber presentado la prueba necesaria para obtener un veredicto de culpabilidad en contra del señor Ponce Feliciano. **En ese momento, el Tribunal de Primera Instancia decidió reservarse su determinación.**

Acto seguido, el Jurado entró a Sala e hizo la lectura del veredicto. En cuanto al delito por asesinato en primer grado, no hubo una determinación unánime. En específico, hubo diez (10) votos a favor de la culpabilidad del señor Ponce Feliciano y dos (2) de la no culpabilidad de este último. Referente al delito de la portación y uso de un arma blanca, hubo una votación unánime de doce (12) votos a favor de la culpabilidad del señor Ponce Feliciano.

A raíz de lo anterior, y según surge de la *Minuta* correspondiente, el foro primario aceptó el veredicto de culpabilidad por el delito de arma blanca.[4] **Ahora bien, en**

---

[3] Tras un percance de salud, un miembro del Jurado fue sustituido por un suplente, lo cual fue aceptado por todas las partes en este pleito. Consecuentemente, continuó la deliberación de dicho cuerpo.

[4] Véase, Anejo VI de la *Petición de certiorari* del señor Ponce Feliciano.

Cabe señalar que, el 27 de mayo de 2025, el Tribunal de Primera Instancia dictó *Sentencia*, mediante la cual impuso al señor Ponce

**cuanto al cargo de asesinato en primer grado, el Tribunal de Primera Instancia acogió la solicitud del señor Ponce Feliciano y lo absolvió perentoriamente del mismo.**

Así pues, en esa misma fecha, -- entiéndase, el 28 de febrero de 2025 --, el foro primario emitió una *Sentencia* a los efectos de absolver perentoriamente al señor Ponce Feliciano del delito de asesinato en primer grado por el cual se le acusaba. Ello, por insuficiencia en la prueba para sostener una convicción en dicho cargo en contra de este último.

Inconforme con dicho proceder, el 13 de marzo de 2025 el Ministerio Público presentó una *Moción solicitando reconsideración*. En ésta, y, en síntesis, el Estado arguyó que, ante la falta de unanimidad del Jurado en cuanto a la culpabilidad del señor Ponce Feliciano por el cargo de asesinato en primer grado, procedía que el Tribunal de Primera Instancia ordenase un segundo juicio, y no que absolviera perentoriamente al señor Ponce Feliciano de dicho delito. Lo anterior, por entender que la Regla 135 de las de Procedimiento Criminal, *infra*, sólo aplicaba cuando hubiese un voto unánime de culpabilidad.

Por otro lado, el Ministerio Público alegó haber presentado prueba suficiente en derecho para encontrar a este último culpable más allá de duda razonable del asesinato en

---

Feliciano, por el delito de arma blanca por el cual fue encontrado culpable, una pena de tres (3) años de reclusión, la cual duplicó, según lo permite el Art. 7.03 de la Ley Núm. 404-2000, *supra*, para un total de seis (6) años de reclusión, a cumplirse en una institución penal.

primer grado. No obstante, evaluado el referido petitorio, el foro primario proveyó no ha lugar a la solicitud de reconsideración presentada por el Estado.

Insatisfecho aún, el 15 de abril de 2025 el Procurador General de Puerto Rico (en adelante, "Procurador General") presentó ante el Tribunal de Apelaciones una *Petición de certiorari*.[5] En su escrito, dicha dependencia gubernamental argumentó que el Tribunal de Primera Instancia erró y abusó de su discreción al absolver perentoriamente al señor Ponce Feliciano del cargo de asesinato en primer grado, aun cuando se había desfilado prueba suficiente para encontrar a este último culpable del mismo.

Examinada la *Petición de certiorari* presentada, -- y acogida como una *Apelación* --, el 22 de mayo de 2025 el foro apelativo intermedio emitió una *Sentencia*, mediante la cual confirmó la determinación del foro primario. En particular, el Tribunal de Apelaciones fundamentó su decisión en que el Procurador General no le colocó en posición de atender la controversia, al no estipular la prueba oral presentada ante el Tribunal de Primera Instancia.

Posteriormente, el 11 de junio de 2025 el Procurador General presentó, ante el foro apelativo intermedio, una *Solicitud de reconsideración y/o término para presentar transcripción de la prueba oral*. Evaluado dicho escrito, el 13 de junio de 2025 el Tribunal de Apelaciones dejó sin efecto su *Sentencia* de 22 de mayo de 2025 y le concedió a

---

[5] KLCE202500410.

dicha dependencia gubernamental hasta el 2 de julio de 2025 para presentar la debida prueba oral junto a su alegato suplementario. Asimismo, el foro apelativo intermedio indicó que, una vez presentado el referido alegato, el señor Ponce Feliciano tendría un término de veinte (20) días para presentar su alegato en oposición.

Empero, el 1 de julio de 2025 el Procurador General presentó, ante el Tribunal de Apelaciones, una *Moción informativa y en solicitud de término adicional para presentar la transcripción de la prueba oral estipulada y el alegato suplementario.* En ésta, dicha dependencia gubernamental solicitó un término adicional de cuarenta y cinco (45) días para presentar la mencionada prueba oral y el alegato suplementario.

**Por su parte, el 3 de julio de 2025 el señor Ponce Feliciano presentó, ante el foro apelativo intermedio, una *Moción de reconsideración y solicitud de desestimación por falta de jurisdicción*. En esencia, en el referido escrito este último arguyó, en primer lugar, que el Ministerio Público no tenía derecho a una apelación ante un fallo absolutorio del foro primario.**

En segundo lugar, el señor Ponce Feliciano argumentó que, -- tal como lo había dictaminado el Tribunal de Apelaciones en su determinación previa --, el recurso de *certiorari* presentado por el Procurador General incumplió con el Reglamento de dicho foro, 4 LPRA Ap. XXII-B. Ello, por no haberse incluido en los anejos todo lo necesario para

colocar al foro apelativo intermedio en posición de atender el caso en sus méritos.

Así pues, el señor Ponce Feliciano solicitó al Tribunal de Apelaciones la desestimación de la *Petición de certiorari* presentada por el Procurador General, -- acogida por dicho foro, según indicamos, como una *Apelación* --, y que, a su vez, reinstalara su determinación previa, la cual confirmaba la decisión del Tribunal de Primera Instancia en cuanto a la absolución perentoria por el delito de asesinato en primer grado. La referida moción fue notificada oportunamente al Procurador General.

Evaluado el escrito presentado por este último, el 7 de julio de 2025 el foro apelativo intermedio emitió una *Resolución* mediante la cual le concedió a la referida dependencia gubernamental el término solicitado para presentar la prueba oral y el alegato suplementario. **De otra parte, el 31 de julio de 2025 el Tribunal de Apelaciones declaró no ha lugar la *Moción de reconsideración y solicitud de desestimación por falta de jurisdicción* presentada por el señor Ponce Feliciano.**

**En desacuerdo con tal dictamen, el 26 de agosto de 2025 este último compareció ante nos mediante una *Petición de certiorari*. En ésta, nos solicita la revisión de la *Resolución* emitida por el foro apelativo intermedio mediante la cual el Tribunal de Apelaciones acogió la *Petición de certiorari* presentada ante sí por el Procurador General. En esencia, el señor Ponce Feliciano argumenta que el foro**

**apelativo intermedio incidió al acoger dicho recurso, y convertirlo *motu proprio* en una *Apelación*, cuando la revisión de un fallo de absolución perentoria es improcedente en derecho.**

Según este último, permitir la referida revisión constituye una violación a la protección constitucional contra la doble exposición consagrada tanto en la Constitución de Puerto Rico, *infra*, como en la de los Estados Unidos, *infra*.[6] Dicha petición de *certiorari* fue oportunamente notificada al Procurador General.

Por su parte, -- y luego de que este Tribunal le otorgara a la referida dependencia gubernamental un término de treinta (30) días para presentar su alegato y que ésta solicitase un término adicional de veinte (20) días para ello, y el mismo se le concediese --, el 4 de febrero de 2026 el Procurador General compareció ante nos mediante una *Solicitud de desestimación*. En esencia, en dicho escrito, la referida dependencia gubernamental arguye que este Tribunal carece de jurisdicción para atender el presente recurso, toda vez que no existe una determinación final sobre la controversia planteada ante nos por el señor Ponce Feliciano. Lo anterior, pues, según el Procurador General, el dictamen recurrido únicamente dejó sin efecto la *Sentencia* previamente emitida

---

[6] Conjuntamente, el señor Ponce Feliciano presentó, ante nos, una *Moción urgente solicitando auxilio de este Honorable Tribunal y paralización de los procedimientos ante el Tribunal de Apelaciones*. Evaluados cuidadosa y detenidamente los argumentos presentados por este último en el referido escrito, el 28 de agosto de 2025 emitimos una *Resolución* mediante la cual paralizamos los procedimientos ante el Tribunal de Apelaciones hasta tanto considodáramos la causa de epígrafe.

por el Tribunal de Apelaciones, -- mediante la cual dicho foro había confirmado el dictamen de absolución perentoria del foro primario --, a los fines de permitir la transcripción de la prueba oral del juicio. Asimismo, la referida dependencia gubernamental alega que los señalamientos de error traídos por el señor Ponce Feliciano nunca fueron llevados ante el foro apelativo intermedio por este último.[7]

**De otra parte, el Procurador General expresa que, de este Tribunal entender que tiene jurisdicción para atender el asunto bajo su consideración, luego de haber llevado a cabo un examen posterior de la jurisprudencia aplicable en el caso de autos, reconoce que no podía recurrir del dictamen emitido por el Tribunal de Primera Instancia.** Así las cosas, la referida dependencia gubernamental nos solicita que desestimemos el recurso presentado ante nos por el señor Ponce Feliciano y que devolvamos el caso al Tribunal de Apelaciones. Lo anterior, a los fines de que el Procurador General solicite el desistimiento del recurso presentado por sí ante el foro apelativo intermedio.

---

[7] **Según adelantamos, surge de la** *Moción de reconsideración y solicitud de desestimación por falta de jurisdicción* **presentada por el señor Ponce Feliciano ante el Tribunal de Apelaciones, que éste, aunque de manera escueta, arguyó que el Ministerio Público no tenía derecho a una apelación ante un fallo absolutorio emitido por el Tribunal de Primera Instancia. Consecuentemente, solicitó, mediante el referido escrito, la desestimación de la** *Petición de certiorari* **presentada por el Procurador General, -- acogida por el foro apelativo intermedio,** *motu proprio*, **como una** *Apelación* **--, así como la reinstalación de su determinación previa, la cual confirmaba la decisión del Tribunal de Primera Instancia en cuanto a la absolución perentoria por el delito de asesinato en primer grado. A dicho petitorio, el Tribunal de Apelaciones proveyó no ha lugar. Por tanto, colegimos que no le asiste la razón al Procurador General y que tenemos ante nos un dictamen revisable.**

Trabada así la controversia, expedimos el recurso de *certiorari* al que hemos hecho referencia y, con el beneficio de la comparecencia de todas las partes con interés en el presente litigio, procedemos a resolver.

II.

A.

Como es sabido, tanto la Constitución de Puerto Rico, como la de los Estados Unidos, ofrecen una protección contra la doble exposición. *Véase* Art. II, Sec. 11, Const. ELA, LPRA, Tomo 1 y Enmda. V, Const. EE. UU., LPRA, Tomo 1. En específico, nuestra Carta Magna dispone que "[n]adie será puesto en riesgo de ser castigado dos veces por el mismo delito". Art. II, Sec. 11, Const. ELA, *supra*. Dicho de otro modo, ninguna persona podrá ser procesada dos veces por una misma ofensa, luego de haber obtenido una absolución en los méritos a su favor.

En esa dirección, conviene recordar aquí que una absolución en los méritos es aquella que ocurre cuando se emite un fallo o veredicto de no culpable, debido a que, según la valoración del juzgador de la prueba presentada en el juicio, dicha prueba es insuficiente para una convicción. E. Chiesa Aponte, *Procedimiento Criminal y la Constitución: Etapa Adjudicativa*, Ediciones Situm, 2018, págs. 583-584. De ocurrir lo anterior, la referida cláusula constitucional protegería al acusado absuelto contra procedimientos ulteriores por la misma ofensa. E. Chiesa Aponte, *op. cit.*, pág. 583.

Dicha **"protección es de tal naturaleza que excluye quedar sujeto a procedimientos apelativos; de ahí la norma constitucional de que el gobierno – el Estado – no puede apelar un fallo absolutorio [. . .]"**. (Énfasis suplido). *Íd*. De ello, precisamente, trata el caso de autos.

B.

Establecido lo anterior, y ya más en lo relacionado con el asunto que nos ocupa, es menester señalar aquí que es la Regla 135 de las de Procedimiento Criminal, 34 LPRA Ap. II, la que regula todo lo concerniente a la **absolución perentoria** de un acusado de delito en nuestra jurisdicción. Sobre el particular, -- y en lo pertinente a la causa de epígrafe --, dicha regla indica lo siguiente:

> **El tribunal a instancia propia o a instancia de un acusado decretará su absolución perentoria en uno o varios cargos de la acusación o denuncia luego de practicada la prueba de una o de ambas partes si la misma fuere insuficiente para sostener una convicción por ese cargo o cargos.**
>
> De presentarse una moción de absolución perentoria, luego de practicada toda la prueba, el tribunal podrá reservarse su resolución, someter el caso al jurado y resolver la moción, bien antes del veredicto o después del veredicto o de disolverse el jurado sin rendir veredicto. (Énfasis suplido). Regla 135 de Procedimiento Criminal, *supra*, R. 135.

**Es decir, "la absolución perentoria es la facultad que tiene un tribunal para examinar la suficiencia de la prueba de cargo y decretar, a base de dicho examen, la no culpabilidad de un acusado".** *Pueblo v. Colón, Castillo*, 140 DPR 564, 578 (1996). Así pues, dicha absolución equivale a una absolución por insuficiencia de prueba, lo cual, cabe destacar, no depende de si el caso fue atendido por jurado o

**por tribunal de derecho**. E. Chiesa Aponte, *op. cit.*, pág. 584; *Smalis v. Pennsylvania*, 476 US 140, 145 (1986); *Arizona v. Rumsey*, 467 US 203, 211-212 (1984).

Sobre este último extremo, no debemos olvidar que "la solicitud de absolución perentoria busca evitar que un ciudadano sea convicto sin el rigor que nuestro ordenamiento exige, una vez el tribunal llegue al convencimiento de que la evidencia presentada *no puede rebasar la duda que necesariamente habría de tener una persona razonable, de ánimo no prevenido, sobre la culpabilidad del acusado* [. . .]". (Énfasis original). *Pueblo v. Colón, Castillo*, *supra*, págs. 582-583. Conforme con ello, para que un tribunal pueda llegar a la anterior conclusión, -- entiéndase, la de absolución perentoria --, éste debe evaluar la suficiencia de la prueba haciendo "un análisis estrictamente en derecho que, aunque recae sobre la evidencia, sólo busca asegurar que[,] *de cualquier manera en que se interprete la veracidad*, los requisitos legales estarán presentes para poder permitir cualquiera de los veredictos posibles".[8] (Énfasis original). *Pueblo v. Colón, Castillo*, *supra*, pág. 581. Véase, también, *Pueblo v. Rivera Ortiz*, 150 DPR 457, 463 (2000).

---

[8] Como se sabe, y según lo ha sentenciado este Tribunal en el pasado, "[s]i tanto el Jurado como el tribunal tienen injerencia en la evaluación de la prueba, la función de cada uno está circunscrita a encomiendas distintas: [. . .]. La *suficiencia* que compete al tribunal evaluar cuando pasa juicio sobre una moción de absolución perentoria es un concepto distinto al de *credibilidad* que compete al Jurado evaluar en un juicio por jurado. La credibilidad consiste en una asignación valorativa de certeza o probabilidad sobre una versión de los hechos o acontecimientos incidentales al caso". (Énfasis original). *Pueblo v. Colón, Castillo*, *supra*, págs. 577-578.

**Realizada la referida determinación por un tribunal de derecho, se activa la protección constitucional contra la doble exposición, impidiendo así que el Estado pueda solicitar su revisión, independientemente de lo erróneo que pueda haber sido el fallo absolutorio.** E. Chiesa Aponte, *op. cit.*, pág. 583. Véase, también, *Smalis v. Pennsylvania*, *supra*; *Sanabria v. United States*, 437 US 54 (1978) y *Pueblo v. Trib. de Distrito y Colón, Int.*, 74 DPR 838 (1953). **Tanto es así que "la protección contra ulteriores procedimientos tras [una] absolución, no solo impide un nuevo juicio, sino también cualquier tipo de revisión apelativa".** E. Chiesa Aponte, *supra*; *Smalis v. Pennsylvania*, *supra*; *Arizona v. Rumsey*, *supra*.[9]

Es, pues, a la luz de la normativa antes expuesta, que procedemos a disponer de la controversia ante nuestra consideración.

III.

Como mencionamos anteriormente, en el presente caso, el señor Ponce Feliciano arguye que el foro apelativo intermedio erró al acoger la *Petición de certiorari* presentada ante sí

---

[9] Es menester señalar aquí que la referida protección constitucional contra procedimientos ulteriores aplica, -- tal como sucedió en la causa de epígrafe --, cuando la absolución perentoria se emite antes de un veredicto de culpabilidad. E. Chiesa Aponte, *op. cit.*, pág. 583. Distinto sería si, al momento de absolver a la persona acusada, ya existiese un veredicto válido de culpabilidad por el jurado, no habiendo, en esos casos, impedimento para que el Ministerio Público revise la determinación de absolución perentoria. E. Chiesa Aponte, *op. cit.*, pág. 585; *Smith v. Massachusetts*, 543 US 462, 467 (2005); *United States v. Wilson*, 420 US 332, 352-353 (1975). Véase, también, *Pueblo v. Colón, Castillo*, *supra*, pág. 581. Ello pues, "de prevalecer el recurso apelativo, el acusado no queda expuesto a ulterior procedimiento de presentación o evaluación de prueba; **sencillamente se reinstala el veredicto del jurado y solo resta emitir la sentencia que corresponda**". (Énfasis suplido). E. Chiesa Aponte, *supra*.

por el Procurador General, mediante la cual este último solicitó la revisión de la determinación de absolución perentoria, por el cargo de asesinato en primer grado, emitida, a su favor, por el Tribunal de Primera Instancia.

**El señor Ponce Feliciano se reitera en que, dado a que éste fue absuelto perentoriamente por el foro primario del cargo de asesinato en primer grado, -- ello, sin que existiese un veredicto de culpabilidad del Jurado por el mencionado cargo --, no procede la revisión del fallo de absolución. En específico, dicha parte sostiene que permitir tal revisión redundaría en una violación a la protección que le otorga la cláusula constitucional contra la doble exposición. Le asiste la razón.**

Y es que, según señalamos en la exposición del derecho, ante un fallo de absolución perentoria, emitido previo a la existencia de un veredicto de culpabilidad por parte de un jurado, no hay cabida para una revisión apelativa de dicha absolución. Lo anterior así, pues, -- tal como arguye el señor Ponce Feliciano --, permitir una revisión a esos fines tendría el efecto de exponer a la persona acusada a procedimientos ulteriores que resultarían en una violación a la protección contra la doble exposición, la cual tanto la Constitución de Puerto Rico, como la de los Estados Unidos, otorgan. El error señalado fue cometido.

IV.

Por los fundamentos antes expuestos, se revoca la *Resolución* emitida por el Tribunal de Apelaciones. En

consecuencia, se confirma la *Sentencia* emitida por el Tribunal de Primera Instancia.

Se dictará *Sentencia* de conformidad.


                                        Ángel Colón Pérez
                                         Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

   Recurrido

          v.                    CC-2025-0573     *Certiorari*

Davis Ponce Feliciano

   Peticionario

SENTENCIA

En San Juan, Puerto Rico a 16 de abril de 2026.

     Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la *Resolución* emitida por el Tribunal de Apelaciones. En consecuencia, se confirma la *Sentencia* emitida por el Tribunal de Primera Instancia.

     Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo